CASE 34—PETITION EQUITY—JANUARY 26.

# Marshall vs. Miller.

### APPEAL FROM WOODFORD CIRCUIT COURT.

Where a farm owned by a *feme covert*, on which her family, including herself and husband, lived, needed repairs—the fences and buildings, including the dwelling and out-houses on the same, being in a ruinous and dilapidated condition, plank and lumber being necessary to make the dwelling comfortable, and the other houses fit for use in a comfortable manner, and to prevent the same from falling into ruin, and it being necessary for the comfortable and proper use and enjoyment of the land that out-houses should be built—and, for these purposes, lumber and plank were furnished by the plaintiff, which were so used, and for which the husband and wife executed to the plaintiff the note sued on. *Held*—that the general estate of the wife in her lands and slaves is liable for the debt.

Since the adoption of the Revised Statutes the separate property of a *feme covert* cannot be charged by her with the payment of debts. She is prohibited from encumbering it in any way, except by order of a court of equity. But her general estate, in land and slaves, is subject to the payment of debts created after marriage on account of necessaries for herself and family, when evidenced by writing signed by herself and husband.

That the object and intention of a *feme covert*, in executing a note with her husband for necessaries for herself and family, was to charge her separate estate with the payment of the debt, and that the payee was apprised of such intention, cannot operate to prevent her general estate from being subjected to the payment of the demand. No express intention on her part, that her general estate should be liable for the debt, was necessary to render it so.

JOHN K. GOODLOE, for appellant, cited 18 *B. Monroe*, 306; 2 *Metcalfe*, 252; *Rev. Statutes, chap.* 47, *art.* 2.

THOS. P. PORTER, for appellee.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

The debt sued for is evidenced by writing, signed by the husband and wife. It is charged, and not denied, that the

"Buck Pond" farm, on which the family of appellant, including herself and husband, lived, needed repairs; "that the fences and buildings, including the dwelling and out-houses on the same, were in a ruinous and dilapidated condition; that plank and lumber were necessary to make said dwelling comfortable, and the other houses fit for use in a comfortable manner, and to prevent the same from falling into complete ruin, and that it was necessary for the comfortable and proper use and enjoyment of said land that out-houses should be built; and that, for these purposes, the plaintiff furnished lumber and plank to the amount of $357 51, which was so used, and that, by such use, the value of the farm was greatly enhanced." It is also charged that the note sued for was executed by the husband and wife for said lumber and plank.

These allegations, in our judgment, bring the debt within that class of debts mentioned in the Revised Statutes, (2d vol. Stanton's ed., page 8, sec. 1,) for which the general estate of the wife in lands and slaves is liable.

It is however suggested that the plaintiff has precluded himself from the benefit of the section, supra, by charging, in so many words, that "the object and intention of defendant, Josephine C. Marshall, in signing said note, and the object of the other parties to said note, was to charge any estate she might have to her sole and separate use, or over which her husband had no control, with the payment of said debt and interest." It is said that, if her object was to charge her separate property, and the note was executed for that purpose, such intent excludes all idea of any design on her part to charge her general property, and the plaintiff, being apprised thereof, cannot reach her general estate in the land.

Prior to the adoption of the Revised Statutes the separate property of a *feme covert* could be charged by her with the payment of debts, provided her intention to create such charge was manifested in a proper manner. But by the 17th section of chapter 47, Revised Statutes, (2 vol. Stanton's ed., 28,) she is no longer allowed such privilege, and is prohibited from encumbering it in any way except by order of a court of equity.

The same chapter, however, in *art.* 2, *sec.* 1, subjects the general estate of a *feme covert* in land and slaves to the payment of debts created after marriage, on account of necessaries for herself and family, when evidenced by writing signed by herself and husband.

Now here is a debt created for necessaries, and properly evidenced by writing, to the payment of which the law subjects appellant's general estate, but which, it is said, cannot be enforced against such estate, because she *intended* it should be paid out of her separate estate.

She intended the debt should be paid. That is manifest from the execution of the note with the intent to charge her separate property. The intent to charge the separate estate cannnot be effectuated because of *section* 17, *supra*. But the intent to pay the debt can be, if she has general estate, which may be so charged. Should, then, her intent to charge the separate estate, which could not be done, be made to relieve her general property, which may be thus subjected to the payment of the demand? We think not.

The law presumes that both husband and wife, when they executed the note in contest, knew that it would operate as a charge upon her general estate, without the avowal of any intent to charge the same. Because it was executed for necessaries for the family, and was a debt evidenced by writing, signed by both ; and, by the section, *supra*, such debts, so created and evidenced, operate as a charge upon the general estate of the wife, and may be enforced. No express intention on her part was necessary to give it that effect.

Assuming, then, that the parties knew the effect of the note thus executed, and that they really desired to pay the debt, is it not more reasonable and consistent with equity and right to suppose that the expression of an intention to charge the separate property of the wife, was designed by her as a further assurance of payment to the holder of the note, and regarded by him as such, rather than to suppose that either she, or the payee, intended to exempt from the payment of the note any property that would have been subject to it, without regard to her avowed intention as to the charge ?

Marshall vs. Miller.

Suppose the husband and wife had, when they executed and delivered the note, made and delivered to the payee a mortgage upon the separate property of the wife for the payment of the note, reciting therein the consideration for which it was given, would it be contended that, because the separate property, thus mortgaged and intended to be charged with the payment of the debt, was not liable to such incumbrance, the general estate of the wife would not be? It seems to us that the husband might, with almost as much propriety, contend that his property, not embraced by the mortgage, was not subject, because the parties intended to secure the payment out of the separate estate.

The law to the extent of the general estate of a *feme covert* in lands and slaves empowers her, with the assent of her husband, and in a particular manner, to bind such estate for debts created for necessaries as though she were a *feme sole;* and for debts thus created, evidenced such estate is liable, even though she may have intended to charge other property not within her control.

But we think the judgment erroneous in not pointing out what interest of the appellant in the land was subject to the debt, and directing it to be sold.

The interest that was conveyed in trust for her separate use and benefit was not liable; but whatever interest she had that was not separate property was liable, and that alone was subject, and ought to have been sold. On the return of the cause the chancellor should designate what was her general estate, and order that alone to be sold.

The other parties named in the several deeds, though proper, were not necessary parties, and no error was committed in adjudging against the appellant without bringing them before the court. Besides, there was no objection in the court below for want of parties.

For the error mentioned the judgment is *reversed*, and cause remanded for further proceedings not inconsistent with this opinion.